IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | CRIMINAL NO. G-96-1 |
| | § | |
| SHELTON LAMONT WILLIAMS | § | |

**O R D E R**

Before the Court is the " Petition Presenting a Federal Question Involving Whether the District Court Retained Personal or Subject Matter Jurisdiction When Imposing a Sentence of Life Imprisonment Based on Non-qualifying Offenses in a Defective Notice of Enhancement and Liberal Construction is Sought" filed by Shelton L. Williams on January 9, 2007.  Williams is currently serving two concurrent life sentences as a result of two drug trafficking convictions in this cause.  In his petition Williams asks the District Court to vacate his sentence and " resentence him to the proper term of imprisonment."  Such relief would be available, if at all, only pursuant to 28 U.S.C. § 2255.

A review of the file indicates that Williams has previously filed a Motion under 28 U.S.C. § 2255 which was denied by this Court on October 20, 1999.  Therefore, the instant petition is actually an effort to file a second or successive § 2255 Motion.

In the instant petition, Williams relies, in part, on the very recent decision of the United States Supreme Court in Lopez v. Gonzales, 549 U.S. ___, 127 S.Ct. 625 (2006)   This Court assumes that Williams believes that the Lopez decision justifies the filing of a successive Motion pursuant to 28 U.S.C. § 2244(b)(2).  Unfortunately, for Williams, even if he were correct, §2244(b)(3)(A) still requires that he receive permission from a three-judge panel of the United

States Court of Appeals for the Fifth Circuit before he may file his second or successive petition in the District Court. Accordingly, Williams must file a Motion seeking the permission of a three-judge panel of the Fifth Circuit Court of Appeals to file his intended Motion; permission must be granted or denied within 30 days under § 2244(b)(3)(D). Unless or until the Court of Appeals authorizes the filing of a second or successive Motion, this Court has no jurisdiction to consider same.

For the foregoing reasons, it is the **ORDER** of this Court that the " Petition Presenting a Federal Question Involving Whether the District Court Retained Personal or Subject Matter Jurisdiction When Imposing a Sentence of Life Imprisonment Based on Non-qualifying Offenses in a Defective Notice of Enhancement and Liberal Construction is Sought" (Instrument no. 170) of Shelton L. Williams is **DISMISSED for lack of subject matter jurisdiction**.

**DONE** at Galveston, Texas, this 12th day of January, 2007.

_____
Samuel B. Kent
United States District Judge