IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | §   CRIMINAL NO. G-96-1 |
| | § |
| SHELTON LAMONT WILLIAMS | § |

**O R D E R**

On January 30, 2007, Shelton Lamont Williams, a named Defendant in this criminal action, filed a " Motion for Rehearing and or Reconsideration Pursuant to Rule 59(e) and or any Rule of Criminal or Civil Procedure Applicable." The Motion asks the Court to vacate its Order construing Williams' " Petition Presenting a Federal Question Involving Whether the District Court Retained Personal or Subject Matter Jurisdiction when Imposing a Sentence of Life Imprisonment Based on Non-Qualifying Offenses in a Defective Notice of Enhancement and Liberal Construction is Sought" as a Motion under 28 U.S.C. § 2255 and dismissing it for lack of subject matter jurisdiction because Williams had not received permission from the United States Court of Appeals to file a successive § 2255 Motion. The instant Motion will be denied.

In his original petition Williams argued that this Court lacked jurisdiction to enhance his sentence because of violations of 21 U.S.C. § 851. This Court disagrees. Contrary to Williams' allegations, Texas state court felony convictions for mere possession of cocaine do qualify as prior felony drug offenses for purposes of sentence enhancement under 21 U.S.C. § 841(b)(1)(A). United States v. Sandle, 123 F.3d 809, 810-812 (5th Cir. 1987)   Williams' claim that the United States Attorney must personally file the enhancement Information is also wrong; it is sufficient that the Information is filed by an Assistant United States Attorney. United States v.

Hawthorne, 235 F.3d 400, 404 (8th Cir. 2001)    Finally, despite Williams' allegations, at sentencing this Court did ask Williams whether he affirmed or denied the validity of the prior convictions by soliciting any objections, but neither defense counsel nor Williams challenged either conviction.

Consequently, this Court disagrees with Williams' premise that it lacked jurisdiction to enhance his sentence to life imprisonment. As a result, Williams' petition was properly construed as a successive attempt to vacate his sentence under § 2255, the proper statutory remedy for such relief, and was properly dismissed for want of subject matter jurisdiction since it was filed without prior permission from the United States Court of Appeals.

It is, therefore, the **ORDER** of this Court that the "Motion for Rehearing and or Reconsideration Pursuant to Rule 59(e) and or any Rule of Criminal or Civil Procedure Applicable" (Instrument no. 172) of Shelton Lamont Williams is **DENIED**.

**DONE** at Galveston, Texas, this 15th day of February, 2007.

_____
Samuel B. Kent
United States District Judge